UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GROUP CONTRACTORS, LLC

VERSUS

BRICKER TRANSPORT, LLC, ET AL.

CIVIL ACTION

NO. 13-612-JJB-RLB

## RULING

This matter is before the Court on the following motions: (1) Defendant Burlington Insurance Company's Motion [doc. 17] to Dismiss Pursuant to 12(b)(6) or, Alternatively, Motion for Summary Judgment; and (2) the Plaintiff Group Contractors, LLC's Motion [doc. 22] to Deny Defendant's Motion, or, Alternatively, for Continuance Pursuant to Rule 56(d). Jurisdiction is based on 28 U.S.C. § 1332. Oral argument is not necessary. For the reasons provided herein, the Court: (1) **DENIES** the Defendant Burlington Insurance Company's Motion [doc. 17] to Dismiss Pursuant to 12(b)(6) or, Alternatively, Motion for Summary Judgment; and (2) **GRANTS** the Plaintiff Group Contractors, LLC's Motion [doc. 22] to Deny Defendant's Motion, or, Alternatively, for Continuance Pursuant to Rule 56(d).

In short, the plaintiff alleges that its crane was damaged while in transit from Mexico to an equipment yard in Baton Rouge, Louisiana. (Doc. 1-2, p. 2). "[T]he [c]rane was shipped from Mexico to the Bricker Laredo Yard in Laredo, Texas. The [c]rane was [then] shipped from the Bricker Laredo Yard in Laredo, Texas to [plaintiff's] equipment yard in Baton Rouge, Louisiana by Bricker Transport, LLC d/b/a Bricker Transport ('Bricker')." (Doc. 1-2, p. 2, ¶ 8). According to the complaint, Defendant Burlington Insurance Company ("Burlington") "issued a Commercial General Liability (CGL) insurance policy to Bricker, which provided (inter alia) completed operation coverage." (Doc. 1-2, p. 3, ¶ 12). Moreover, the plaintiff avers that the CGL policy "provides coverage in favor of Plaintiff for the circumstances of liability and claims

1

asserted" in this action. *Id.* Accordingly, the plaintiff joined Defendant Burlington Insurance Company through the Louisiana Direct Action Statute. *See* La. R.S. § 22:1269.

In its motion, Burlington seeks dismissal of the claims against it because it asserts that the plaintiff has failed to plead sufficient facts to state a claim under the Louisiana Direct Action Statute. (Doc. 17-1, p. 2–3). Specifically, Burlington argues that the petition does not allege that the crane was damaged in Louisiana, or that the relevant insurance policy was issued or delivered in Louisiana. (Doc. 17-1, p. 3). Instead, the plaintiff alleges that the crane was damaged at some point during its journey from Mexico to Louisiana. (*See* doc. 1-2, p. 2). According to Burlington, the "[p]laintiff has . . . failed to establish the requirements for bringing a claim under the Direct Action Statute, La. R.S. 22:1269." *Id.*

Conversely, in its motion to dismiss or for continuance, the plaintiff claims that "it is a known fact" that the crane was damaged while "being transported by Burlington's insured from Mexico to Louisiana." (Doc. 22, p. 1). Yet, it is unable to allege the precise location where the crane sustained damage. *Id.* Accordingly, the plaintiff asks this Court to deny the defendant's motion, or in the alternative, to defer consideration for a period of 90 days to allow discovery. (Doc. 22, p. 2).

1. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th

Cir. 1996)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court does not have to accept as true any legal conclusion contained in the complaint. *Id.*

Under Louisiana law, "[t]he Direct Action Statute extends a conditional right to file suit, to some parties under some circumstances." *Perkins v. Carter*, 30 So. 3d 862, 866 (La. App. 5 Cir. 2009) (citing *Foltmer v. James*, 799 So. 2d 545, 548 (La. App. 4 Cir. 2001)). "The reason the right is conditional is that no privity of contract exists between a plaintiff injured by a tortfeasor and that tortfeasor's insurance company." *Id.* "An injured party obtains a right of action against another person's insurance company only if all the requirements of the Direct Action Statute have been fulfilled." *Id.* "To sue a liability insurer directly under the Louisiana Direct Action Statute, the accident or injury must have occurred in Louisiana or the policy must have been written or delivered in Louisiana." *Diamond v. Progressive Sec. Ins. Co.*, 934 So. 2d 739, 742 (La. App. 1 Cir. 2006).

In its state-court petition, the plaintiff does not allege that the Burlington insurance police was either issued in Louisiana or delivered in Louisiana. Furthermore, the plaintiff does not specifically allege that the crane was damaged while in Louisiana. Nevertheless, the plaintiff does allege that "the [c]rane was damaged during the transport from Mexico to [the plaintiff's] equipment yard in Baton Rouge, Louisiana." (Doc. 1-2, p. 2, ¶ 9). Thus, the plaintiff did not precisely allege that the damage occurred in Louisiana, but rather, it alleged that the damage occurred at some unknown point during the crane's transportation from Mexico to Louisiana.

The parties have not provided this Court with a case addressing a similar set of facts, and the Court has been unable to find a case upon review.

After consideration, this Court refuses to require the ultra-specific factual allegations argued for by the defendant. In the petition, the plaintiff asserts that the damage occurred at some point while the crane was transported between Mexico and Louisiana. Based on the facts of this case, this Court finds that those facts are sufficient to overcome a Rule 12(b)(6) motion to dismiss as to the Louisiana Direct Action Statute claims against Burlington.

2. Motion for Summary Judgment

Alternatively, Burlington argues that the Court should grant summary judgment as to the plaintiff's Direct Action Statute claims. Similar to above, the thrust of this argument is that the plaintiff has failed to submit evidence to satisfy any of the three requirements to assert a claim under the Louisiana Direct Action Statute. In its opposing motion, the plaintiff asks this Court to deny the defendant's motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. In the motion and through an attached affidavit, the plaintiff argues that determining the precise location of the damage is an intensively fact-based inquiry, and it "cannot at this time 'present facts essential to justify [its] opposition to Burlington's *Motion* because the discovery process has only just begun in this case." (Doc. 22-2, p. 2, ¶ 6).

Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." In light of the plaintiff's affidavit outlining its inability to adequately oppose the defendant's motion, the Court chooses to deny the defendant's motion for summary judgment and allow for the

continuance of discovery. Nonetheless, upon additional discovery, Burlington has the opportunity to file another motion for summary judgment seeking dismissal of the Louisiana Direct Action Statute claims.

Therefore, the Court: (1) **DENIES** the Defendant Burlington Insurance Company's Motion [doc. 17] to Dismiss Pursuant to 12(b)(6) or, Alternatively, Motion for Summary Judgment; and (2) **GRANTS** the Plaintiff Group Contractors, LLC's Motion [doc. 22] to Deny Defendant's Motion, or, Alternatively, for Continuance Pursuant to Rule 56(d).

Signed in Baton Rouge, Louisiana, on March 20, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**